**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

**No. 08-1560**

_____

TRACY BARKER; GALEN D. BARKER,

              Plaintiffs - Appellees,

UNITED STATES OF AMERICA,

              Intervenor,

       v.

ALI MOKHTARE,

              Defendant - Appellant.

_____

Appeal from the United States District Court for the Eastern
District of Virginia, at Alexandria.    Leonie M. Brinkema,
District Judge. (1:07-cv-01231-LMB-BRP)

_____

Submitted:  February 24, 2009          Decided:  March 18, 2009

_____

Before WILKINSON and MICHAEL, Circuit Judges, and HAMILTON,
Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

Joseph M. Hannon, Jr., Raeka Safai, HANNON LAW GROUP, LLP,
Washington, D.C., for Appellant. Michael T. Conway, MICHAEL T.
CONWAY AND CO., Brunswick, Ohio, for Appellees.  Gregory G.
Katsas, Assistant Attorney General, Chuck Rosenberg, United
States Attorney, Barbara L. Herwig, Jonathan H. Levy, UNITED
STATES DEPARTMENT OF JUSTICE, Washington D.C., for Intervenor.

_____

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Ali Mokhtare appeals the district court's order denying his petition for certification under 28 U.S.C. § 2679(d)(3) (2006). He argues the district court erred in failing to find that he was acting within the scope of his employment and that the court erred in denying his discovery request. For the reasons that follow, we affirm.

This court reviews de novo a district court's scope of employment determination, but reviews for clear error "any factual findings upon which the legal scope-of-employment determination rests." Gutierrez de Martinez v. Drug Enforcement Admin., 111 F.3d 1148, 1152 n.3 (4th Cir. 1997). Barker does not dispute Mokhtare's contention that the law of the District of Columbia applies to resolve the scope of Mokhtare's employment. See id. at 1156 n.6 (applying state law to scope of employment determination based solely on the parties' stipulation). In the District of Columbia, an employee's conduct is within the scope of employment if:

  (a) it is of the kind he is employed to perform;

  (b) it occurs substantially within the authorized time and space limits;

  (c) it is actuated, at least in part, by a purpose to serve the master, and

  (d) if force is intentionally used by the servant against another, the use of force is not unexpectable by the master.

3

<u>Wilson v. Libby</u>, 535 F.3d 697, 711 (D.C. Cir. 2008) (quoting Restatement (Second) of Agency § 228(1) (1958)).

Our review of the record in light of these standards leads us to conclude that the district court did not err in denying Mokhtare's petition for certification and his request for discovery. Accordingly, we affirm the district court's order denying Mokhtare's petition for certification. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>